Jackson, C. J.
1. A petition for an information in the nature of .a quo warranto to call upon the defendants to show by what right they • exercised the franchise of using a public bridge as their private property and erecting gates and charging tolls for crossing, alleged that the ■-Court of Ordinary of the county established a public road running from a church to this bridge across a river, and on the same day established -another public road from the opposite side of the bridge to the county site, that these roads were opened and worked and traveled since as public roads; that the relators, with other citizens, by private subscription built the bridge, and the public used it as a public bridge from March to July, when the respondents put up gates and exacted tolls, -and that they had no chartered rights thereto, but were usurpers of the • rights, privileges and franchises of owners and proprietors of public ■bridges.
Held, that the petition made a proper case for an information in ■the nature of a quo warranto and was not demurrable. 3 Bl. Com. (Chit•ty), 263; 4 Id., 312, 441.
2. The information is not confined to strictly following the petition of the relators, but may amplify and enlarge the facts and the prayer, not going out of the substantial subject matter complained of and the judgment granting the prayer and directing the information filed.
(a) The petition and information make a case for the grant of a writ or judgment of ouster. The information enlarges the allegations •of the petition, and charges that the bridge was built for the free use •of the public, and was so accepted and used, and that respondent without lawful warrant or authority took possession of it.
3. The answer to such an information denied that the respondents claimed to be a body corporate or to have chartered rights, or that they are usurping such rights. It admitted that they erected the bridge and had placed gates across it, and were exacting tolls from *318 those who crossed; it claimed the bridge as their private property, and alleged that the public road only extended to the bridge on either side; that the land on both sides was either owned by.them or by those who had granted the use of it to them; that they partly paid for and partly? built the bridge; that certain persons raised .small sums by subscription, and relators with one of the respondents contracted with a builder■■ who built the bridge; that the land owners on both sides did not dedicate the bridge to the public, but were willing for the public to build, the bridge and pay for it; that it was not paid for, and the bttilder retained possession with their consent; that he filed a mechanic’s lien- and transferred it to certain persons; that they did not dedicate the bridgejto the public, but left it open for one year in order to give citizens ari opportunity to pay for it; that they then sued relators, who-represented that they were authorized to act for all who had contributed, and obtained judgment and sold the bridge, and respondents-bought it.
H. H, Perry, by brief, for plaintiff in error.
W. S. Erwin, solicitor general; G-. H. Prior; M. L. Smith; W. S.-. Pickrell, by brief, contra.
Held, that on the pleadings, no evidence being introduced, a judgment ousting respondents of the right or privilege of charging tolls was right.
(a) The act of 1850 (Cobb’s Dig , p. 958; Code §684) merely grants-the privilege to an owner of land on both sides of a stream to pass from-one side to the other by a private bridge or ferry, and as incidental-thereto to pass others upou the payment of toll. It did not contémplate a case where a public road crossed a bridge, and where a. few men obtained possession in the manner set out in this case and proceeded to charge toll without authority granted to them from- some proper source.. Code, §670, sub-secs. 3, 4, &; Cobb’s Dig., 945. 952.
Judgment affirmed.